# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:16-cr-0048-003 |
| v. ) | |
| ) | Judge Collier/Steger |
| RICKY LEWIS ) | |

## MEMORANDUM AND ORDER

RICKY LEWIS ("Defendant") came before the Court for an initial appearance on March 6, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 165].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Erin Rust of Federal Defender Services of Eastern Tennessee Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant requested a preliminary hearing and detention hearing, and the Court scheduled those hearings to take place on March 8, 2019; however, Defendant was able to obtain an immediate revocation hearing before the Honorable United States District Judge Curtis L. Collier. Consequently, Defendant's counsel later waived the preliminary hearing and detention hearing.

The Court found that probable cause existed to demonstrate that Defendant committed violations of his conditions of supervised release, and that Defendant did not carry the burden of establishing by clear and convincing evidence that he would not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral

motion to detain Defendant pending disposition of the Petition or further Order of this Court.

Immediately following his initial appearance before the undersigned, Defendant appeared before Judge Collier for a revocation hearing [*See* Doc. 170] on the Petition. At the conclusion of that hearing, Judge Collier ordered that Defendant serve 52 weekends of incarceration within 18 months and that he be placed on an additional 3 years of supervised release. Judge Collier released Defendant subject to an order setting conditions of release.

It is, therefore, **ORDERED** that:

1. Defendant's initial appearance on the Petition [Doc. 165] was properly conducted on March 6, 2019.

2. Any further proceedings before the undersigned were superseded by United States District Judge Collier's order following Defendant's revocation hearing [Doc. 170] on March 6, 2019.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE